UNITED STATES of America, Plaintiff,

v.

PROFESSIONAL AIR TRAFFIC CONTROLLERS ORGANIZATION (PATCO); Professional Air Traffic Controllers Organization, Local 321; Larry Phillips; William T. Cousins III; Steven W. Conaway; Richard H. Long, Jr.; David Pentz; and Mark Willis, Officers, Agents, Directors, Managers, Servants and Members of both PATCO and Local 321, Defendants.

Civ. No. 81–72699.

United States District Court,
E. D. Michigan, S. D.

Nov. 3, 1981.

Leonard R. Gilman, U. S. Atty., Michele Coleman Mayes, L. Michael Wicks, Asst. U. S. Attys., Detroit, Mich., for plaintiff.

Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P. C. by Theodore Sachs, Ronald R. Helveston and John R. Runyan, Detroit, Mich., for defendants.

## OPINION AND ORDER

COHN, District Judge.

### I.

On August 10, 1981 this Court entered an order determining civil contempt fines against the Professional Air Traffic Controllers Organization (PATCO) Local 321 in the amount of $100,000 and against six PATCO Local 321 members (Richard H. Long, Jr., David Pentz, Gary Klawender, Dennis Kagy, Charles Chapman and William T. Cousins III) each in the amount of $1,000 for failure to purge a judgment of civil contempt entered on August 4, 1981. The Court stayed enforcement to enable defendants to more fully develop their argument that the Court was without authority to enter the order. Briefs and a hearing followed. The propriety of the August 10, 1981 order is therefore properly reviewable.

More particularly, on August 3, 1981 plaintiff United States of America obtained a temporary restraining order against a strike by PATCO, PATCO Local 321, certain named individuals who were either officers, directors or members of PATCO and the general membership of PATCO. On August 4 the Court entered an order to show cause why a judgment of contempt should not be entered and after a hearing later that day entered a judgment of civil contempt against certain defendants. The judgment provided for conditional daily fines of $100,000 against PATCO Local 321 and $1,000 against certain named individuals for each day the strike was not terminated; the fines were to begin accruing at 7:00 a. m. on August 5.

The August 10 order determining civil contempt fines imposed fines for the first day; since the strike was continuing at 7:00 a. m. on August 5 the contempt had not been purged. As of 3:00 p. m. on August 5, however, plaintiff made it clear that it would not allow striking members of PATCO to return to work and thus it was no longer possible for defendants to purge the contempt. The "no return to work" position has been reiterated by plaintiff a number of times since.

The temporary restraining order was entered on August 3 upon a showing by plaintiff that the PATCO strike was illegal, 5 U.S.C. § 7311, that it threatened to significantly interfere with the normal flow of air traffic and operation of the air traffic control system and that its continuance would result in immediate and irreparable injury to plaintiff and the citizens of the United States. The conditional fines imposed on August 4 were clearly intended to coerce an end to the strike; plaintiff disclaimed any interest in compensatory or punitive fines.

### II.

#### A.

Now before the Court is the question of its right to assess the fines on August 10 in light of the firing of PATCO members at 3:00 p. m. on August 5, and whether it was appropriate to impose the fines in light of all of the circumstances.

Defendants have filed a motion to vacate the judgment of civil contempt and the order determining the fines, asserting (1) the firing of all air traffic controllers who had not reported for work by 3:00 p. m. on August 5, which includes the individual defendants, rendered the dispute which gave rise to the judgment and order moot; (2) the firing resulted in a material change in circumstances which requires that the order be vacated; (3) in light of the August 5 firing, assessment of fines on August 10 was punitive rather than coercive; (4) the assessment of fines on August 10 did not serve the purposes intended by the condi-

tional assessment of fines in the judgment of August 4; and (5) the Court failed to take into account defendants' ability to pay the fines when they were assessed.

In short, defendants argue that the firing rendered the dispute between plaintiff and defendants moot and therefore removed the Court's power to assess fines, or in the exercise of its discretion the Court should vacate the fines because by its own actions plaintiff made it impossible for defendants to return to work and purge themselves of contempt even if they had so desired.

### B.

Plaintiff's response, expressing commendable candor, acknowledges the Court has discretion to vacate or reduce the fines based on rational considerations. It urges the Court not to do so, however, because of the illegal nature of the strike and the fact that because of the strike the air traffic system is considerably overburdened and the public is still suffering costs and inconvenience.

At the Court's request plaintiff has filed a status report on similar cases pending in other districts. Of the approximately ninety civil actions instituted by plaintiff in an effort to halt the strike,[1] only five, including the one at bar, apparently have resulted in judgments of civil contempt. In the District of Columbia, fines imposed by Judge Harold Greene have not yet been reduced to judgment pending resolution of the question of subject matter jurisdiction. In the Central District of Illinois and the District of Colorado the fines have apparently been reduced to judgment, while in the District of Hawaii plaintiff's motion to reduce the fines to judgment is still pending.

### III.

No useful purpose would be served by any extended discussion of the law of civil contempt in a dispute such as the one before the Court. The law, as well as the differences between civil and criminal con-

tempt and the consequences which flow from a finding of one or the other, have been fully discussed in *Gompers v. Buck's Stove & Range Company*, 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911), and *United States v. United Mine Workers*, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947).

These cases make clear that the Court on August 10 gave inadequate consideration to the defenses available to defendants to avoid imposition of the fines, notwithstanding their failure to purge themselves of the contempt by 7:00 a. m. on August 5. First, the Court should have given greater recognition to the fact that because of the firing of the air traffic controllers at 3:00 p. m. on August 5, it was no longer possible for defendants to return to work. Plaintiff, after initially seeking the coercive fines on August 4, by its own actions effectively precluded the fine schedule contained in the August 4 judgment of civil contempt from having any effect. Plaintiff's initiative, which made it impossible for defendants to purge themselves of contempt, was followed by its willingness to allow the temporary restraining order to lapse and its failure to proceed with the request for preliminary injunction. In essence, "the main case was settled". *Gompers, supra*, 221 U.S. at 451, 31 S.Ct. at 502.

The Court on August 10 also should have given greater attention to the rule of *United States v. United Mine Workers, supra*, 330 U.S. at 304, 67 S.Ct. at 701, that it is necessary in fixing the amount of a coercive fine to consider the defendants' financial resources and consequent burden the fines place on the particular defendants. Finally, the Court did not fully appreciate that in determining the amount of a fine it may proceed on a basis it deems just and is not locked into the specific amount initially imposed. *NLRB v. Construction and General Laborers' Union Local 1140*, 577 F.2d 16 (8th Cir. 1978). In so doing it has very wide discretion. *G & C Merriam Co. v. Webster Dictionary Co., Inc.*, 639 F.2d 29 (1st Cir. 1980).

---

1. [A list of these actions has been deleted for purposes of publication.]

The parties should of course be mindful that the considerations the Court now deems pertinent were not called to its attention on August 10.

### III.

■ While there is authority that a conditional jail sentence designed to secure compliance with an injunction in a labor dispute (analogous to the conditional fines here) may be imposed after the strike has been settled, *Jencks v. Goforth*, 57 N.M. 627, 261 P.2d 655 (1953), and *Local 890 of International Union of Mine, Mill and Smelter Workers v. New Jersey Zinc Co.*, 58 N.M. 416, 272 P.2d 322 (1954), such an approach has been properly criticized on the ground that when the jail sentence commences it stands as punishment rather than coercion. *See* Casenote, 39 *Minn.L.R.* 447 (1955). It can be perceived in no other way.

So in this case, assessment of the fines on August 10, after plaintiff by its own acts made it impossible for defendants to return to work, could only be punitive.[2] Whatever coercive force existed in the August 4 judgment of civil contempt has been removed by plaintiff. Moreover, no inquiry was made on August 10 into the financial condition of any of the defendants or their ability to pay the fines assessed. Finally, the fact that in only three of the approximately ninety cases commenced across the country do air traffic controllers who did not return to work face fines suggests an inappropriate unevenness of treatment by this Court.

For all of the considerations mentioned above and in exercise of the broad discretion the law allows in these matters, the Court rationally concludes the order determining civil contempt fines of August 10, 1981 should be vacated. *See In re Cueto*, 443 F.Supp. 857 (S.D.N.Y.1978).[3]

It should be perfectly clear that in vacating the fines the Court expresses no opinion on the underlying dispute regarding the air traffic controllers' strike and does not intend to denigrate the undoubted authority of a court to impose criminal sanctions for violation of its orders. *See Labor Relations Commission v. Fall River Educators' Association*, —— Mass. ——, 416 N.E.2d 1340, 1351 (1981). Nor is the Court overlooking the considerable disrespect shown by defendants in their refusal to obey the restraining order issued on August 3. What must be emphasized is what the Court has already noted: the sole purpose of the conditional fines imposed on August 4 was to coerce the defendants into returning to work. Plaintiff did not seek an order of punishment for the disobedience nor did it ask for compensation for any injury it suffered. When by its own actions it made it impossible for the coercive purpose of the fines to be effected before entry of an enforceable order allowing their collection, it mooted the process it set in motion with the filing of the complaint. Once defendants were fired, further judicial action was simply inappropriate.

SO ORDERED.

2. If the fines were to stand payment would be made to plaintiff, not as defendants' employer but rather as sovereign. *Winner Corporation v. H. A. Caesar & Co., Inc.*, 511 F.2d 1010 (6th Cir. 1975).

3. Since defendants were in contempt of the Court's August 3 restraining order when the judgment of civil contempt was entered on August 4, the Court declines to vacate the judgment.